UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JEFFREY S. WHITAKER, | ) |
| Petitioner, | ) |
| v. | ) No.: 3:17-CV-178-TAV-HBG |
| SHAWN PHILLIPS, | ) |
| Respondent. | ) |

### MEMORANDUM OPINION

Petitioner has pro se filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his confinement under state-court judgments of conviction pursuant to a Roane County guilty plea [Doc.1]. After reviewing the parties' filings and the relevant state court record, the Court has determined that the petition is untimely, Petitioner is not entitled to relief under § 2254, and no evidentiary hearing is warranted. *See* Rules Governing § 2254 Cases, Rule 8(a) and *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Accordingly, the § 2254 petition will be **DENIED**, and this matter will be **DISMISSED**. Because the petition is untimely, any amendment is futile and Petitioner's motion to amend [Docs. 27, 31] will also be **DENIED.**

### I. BACKGROUND

In February 1994, a Roane County grand jury indicted Petitioner for twenty-two counts of rape of a child and four counts of aggravated sexual battery, relative to six victims under the age of thirteen [Doc. 17-1 p. 3–8]. On November 10, 1994, the trial court

accepted Petitioner's plea agreement, in which he agreed to plead guilty to eight counts of rape of a child while the other eighteen charges were dismissed [Doc. 17-1 p. 19–23]. At the plea hearing, the State asserted that, although Petitioner was a Range I standard offender, "in accordance with the law that's provided for child rape, [his] sentence [was to be] serve[d] in its entirety" and stated that it would recommend an overall sentence of forty-five years at defendant's sentencing hearing [Doc. 17-2 p. 7]. Defense counsel stated that he agreed with this understanding of the plea agreement [*Id.*].

At sentencing, the court imposed an effective sentence of forty-five years' imprisonment and granted Petitioner accrued pretrial jail credits [Doc. 17-2 p. 41–42]. But, while the State indicated at the sentencing hearing that "[u]nder the Child Rape Law" Petitioner's sentence must "be served 100 percent" [Doc. 17-2 p. 23],[1] the written judgments provided that Petitioner was being sentenced as a Range I Standard Offender with a thirty percent release eligibility date rather than as a Child Rapist with a one-hundred percent release eligibility date [Doc. 17-1 p. 28–35]. Additionally, the judgments did not provide for pretrial jail credits [*Id.*].

Petitioner filed a direct appeal challenging his sentencing, arguing that the trial court erred in sentencing him to forty-five years and ordering that some of his sentences be

---

[1] In addition to the Prosecutor's statements, Petitioner's counsel made several statements that vaguely indicated he understood the sentence was to be served at one-hundred percent [*see* Doc. 17-2 p. 31 ("I think the very least the Court could do under the law would be to sentence him to 15 years, day for day, no parole, no good and honor time. . . . Fifteen years that he has to serve day for day; no credits, none.")]. The court also noted during sentencing that "of course that is a sentence to serve, as you already know. There's no portion with that." [*Id.* at 42].

served consecutively [Doc. 17-3]. The Tennessee Court of Criminal Appeals ("TCCA") affirmed, finding that the trial court considered the appropriate factors in determining Petitioner's sentence and holding that the record supported the imposition of consecutive sentences [Doc. 17-5]. Petitioner then applied for permission to appeal to the Tennessee Supreme Court ("TSC") [Doc. 17-6] but was denied [Doc. 17-8].

On April 5, 1999, Petitioner filed a petition for post-conviction relief in the trial court in Roane County [Doc. 17-9 p. 1–10]. Petitioner claimed, inter alia, that his plea was not knowing and voluntary, that he was coerced into his confession and plea, and that his counsel was ineffective [*Id.*]. On August 17, 2001, the trial court held an evidentiary hearing and thereafter denied the petition [Doc. 17-9 p. 59]. Petitioner appealed to the TCCA [Doc. 17-11], which affirmed the trial court, finding that Petitioner had demonstrated neither that he received ineffective assistance of counsel nor that his guilty plea was unknowing and involuntary [Doc. 17-13].

Petitioner did not file an appeal to the TSC, but rather, on March 17, 2004, he filed a petition for a writ of habeas corpus in this district claiming that his counsel was ineffective and that his sentence was excessive. *Whitaker v. Morgan*, No. 3:04-CV-126, Doc. 2. The petition was ultimately denied, and a certificate of appealability was not issued by the district court. No. 3:04-CV-126, Doc. 13. Petitioner's application for a certificate of appealability to the Sixth Circuit was likewise denied. No. 3:04-CV-126, Docs. 16, 18.

3

Shortly after filing his federal petition, Petitioner filed a petition for writ of habeas corpus pursuant to Tenn. Code Ann. §29-21-101 in Morgan County [Doc. 17-14 p. 5–25].[2] He argued that his sentence was illegal because (1) the trial court did not have jurisdiction to impose consecutive sentences and (2) the judgments provided that Petitioner was eligible for release after serving thirty percent of his sentence, rather than the one hundred percent service required by statute for child rapists [*Id.*]. The State filed a motion to dismiss the petition [*Id.* at 117–21], which the court granted [*Id.* at 122]. Petitioner appealed to the TCCA [Doc. 17-16], which affirmed the dismissal. The TCCA determined that the absence of the child rapist designation in the judgments was a clerical error that could be corrected under Tennessee law and remanded for entry of corrected judgments [Doc. 17-18]. Approximately two weeks later, on March 9, 2009, Petitioner pro se filed a motion for rehearing [Doc. 17-19], which was denied on March 12, 2009, both because the court generally did not accept pro se filings by represented parties and because Petitioner's motion did not raise issues "that [were] not considered by the court in reaching its previous decision in this case" [Doc. 17-20]. Petitioner then applied for permission to appeal to the TSC [Doc. 17-21], which was denied [Doc. 17-22].

The Roane County court entered corrected judgments on July 27, 2009 [Doc. 17-23]. These judgments included the child rapist designation and the corresponding one-hundred percent service requirement but did not include Petitioner's accrued pretrial jail

---

[2] In this filing, Petitioner indicated that it was his third application for habeas corpus in the Morgan County Criminal Court [Doc. 17-14 p. 7].

credits [*Id.*]. Additionally, the corrected judgments imposed community supervision for life [*Id.*].

Next, on April 7, 2011, Petitioner filed a second post-conviction petition in Roane County arguing that (1) the State breached the plea agreement when the judgments were corrected to require one-hundred percent service, (2) the trial court's imposition of consecutive sentences violated the plea agreement, and (3) the imposition of community supervision for life in the corrected judgments violated the plea agreement [Doc. 17-24 p. 3–12; Doc. 17-25 p. 3–22].³ The trial court dismissed this petition as untimely, finding that no exceptions to the statute of limitations applied and that Petitioner's claims related to his plea agreement and the percentage of his sentence to be served had been previously litigated [Doc. 17-26 p. 27]. The court did, however, vacate the imposition of lifetime community supervision in the corrected judgments [*Id.*].

On appeal, the TCCA held that (1) the petition was clearly outside of the statute of limitations and did not meet any of the requirements for reopening his petition, (2) the correction of the clerical errors in his judgments did not retrigger the statutory period for filing or entitle Petitioner to due process tolling, (3) Petitioner's claim was not "later arising" because the record shows that the State, the defense attorney, and the trial court all understood that the sentence would be served at one hundred percent, (4) Petitioner's claim that he was not aware of the corrected judgments until 2011 was not credible because

---

³ In addition to these filings, Petitioner also filed a motion to correct an illegal sentence on November 8, 2013 as well as a later amended motion on April 13, 2016. He likewise filed a motion to enforce his plea agreement on June 25, 2014.

5

the court had filed an opinion discussing corrected judgments in February of 2009 and Petitioner had pro se filed a motion for rehearing approximately two weeks later, and (5) even if Petitioner's claims were reviewed on the merits, he would not be entitled to relief, because the record demonstrates that the parties understood that Petitioner's sentence would be served in its entirety [Doc. 17-30]. Petitioner then applied for permission to appeal to the TSC [Doc. 17-31], which was denied [Doc. 17-33].

On April 21, 2017, Petitioner filed the instant petition [Doc. 1] and shortly thereafter filed an amended petition [Doc. 4]. The State filed a motion to transfer Petitioner's petition to the Sixth Circuit as a successive petition [Docs. 10, 11], which the Court granted [Doc. 14]. However, the Sixth Circuit determined that the petition was not successive because the corrected judgments "chang[ed] the substance of" Petitioner's sentence by requiring one-hundred percent service and thus constituted a new judgment [Doc. 15 p. 4]. Thus, the Sixth Circuit held, Petitioner did not require authorization before this Court could consider the instant petition [*Id.*]. On remand, Respondent filed a response [Doc. 18], and Petitioner replied [Doc. 25]. Petitioner then filed a motion for leave to amend [Doc. 27], which Respondent opposed [Doc. 29]. Petitioner replied to Respondent's opposition and filed an accompanying amendment [Docs. 30, 31].[4] The matter is now ripe for review.

---

[4] It appears that Petitioner has again filed for permission to file a second or successive petition with the Sixth Circuit [Doc. 32].

## II.     LEGAL STANDARD

Federal habeas petitions pursuant to § 2254 are subject to a one-year statute of limitations set out by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2244(d). Specifically, a petitioner has one year to file an application from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d). In most cases, subsection (A) provides the operative date and the one-year limitations period begins to run on "the date on which the judgment became final by the conclusion or direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *see* Fed. R. Civ. P. 6(a) (providing "the day of the act, event, or default from which the designated period of time begins to run shall not be included").

However, the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). An appeal is properly filed when "its delivery

7

and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). To determine if Petitioner's collateral attack was properly filed, the Court looks to how the state courts treated it. *Griffin v. Lindamood*, No. 2:16-cv-188, 2017 WL 3974463, at *4 (E.D. Tenn. Sept. 6, 2017) (citing *Freeman v. Page*, 208 F.3d 572, 576 (7th Cir. 2000)). Federal proceedings, regardless of proper filing, do not toll the statute of limitations. *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001).

The one-year limitations period for § 2254 petitions is also subject to equitable tolling where appropriate. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). Petitioner is "'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). This doctrine is applied sparingly by federal courts. *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003).

**III. ANALYSIS**

The AEDPA one-year statute of limitations for Petitioner to challenge the corrected judgments (entered on July 27, 2009) began on August 26, 2009, when Petitioner's thirty-day period for filing an appeal expired. *King v. Morgan*, 807 F.3d 154, 159–60 (6th Cir. 2015); *see* Tenn. R. App. P. 4(a) (notice of appeal "shall be filed . . . within 30 days after entry of the judgment appealed from"). The AEDPA statute of limitations thus expired on August 27, 2010, well before Petitioner filed the instant petition for habeas corpus relief on April 18, 2017. As a result, the petition, which was filed nearly seven years after the limitations period had expired, is untimely.

Although state collateral proceedings can statutorily toll the limitations period pursuant to § 2244(d)(2), Petitioner's second petition for post-conviction relief in Roane County (filed on April 7, 2011), and the appellate proceedings related thereto, did not toll the limitations period. As the Roane County trial court concluded, and the TCCA affirmed on appeal, that state-court post-conviction petition was not timely and thus not "properly filed" under Tennessee law. Furthermore, that petition was filed after the AEDPA statute of limitations had already expired. *See Vroman v. Brigano*, 346 F.3d 598, 602–03 (6th Cir. 2003) (holding that an untimely petition is not "properly filed," and that a petition cannot restart an already-expired limitations period). For these reasons, the statute of limitations was not statutorily tolled.

It was not equitably tolled either. To demonstrate that he is entitled to equitable tolling, Petitioner must show that he was diligently pursuing his rights under § 2254 and some external factor prevented his timely filing. *Holland*, 560 U.S. at 649. He has not done so. Petitioner argues that he was prevented from timely filing because (1) he was not served with copies of the corrected judgments when they were entered and did not learn of their entry until 2011; (2) the state actively misled him and concealed the entry of the corrected judgments by "continuing to honor the 30% release eligibility until October 9, 2013"; and (3) the post-conviction court was untimely in its handling of Petitioner's post-conviction petition [Doc. 25 p. 9]. But the TCCA found that Petitioner's assertion that he did not know of the corrected judgments until 2011 was not credible given its opinion remanding for entry of the judgments and Petitioner's subsequent motion for rehearing.

9

Even accepting this assertion as true, Petitioner waited six years after he supposedly learned of the corrected judgments—and nearly four years after he claims the state ceased honoring the thirty percent release eligibility—to file his federal petition.[5]  As to Petitioner's final claim, the timeliness of the state court's decision with respect to his post-conviction petition had no bearing on Petitioner's ability to file his federal petition. Overall, Petitioner has not shown how any of these circumstances prevented him from timely filing his federal petition.  For these reasons, the Court finds that Petitioner is not entitled to equitable tolling of the limitations period.

## IV. CONCLUSION

In sum, because the instant petition was filed after the expiration of the limitations period, and because the limitations period was not tolled, the petition is untimely. Accordingly, Petitioner's petition for a writ of habeas corpus [Doc. 1] will be **DENIED,** and this action will be **DISMISSED**.  Because the petition is untimely, any amendment is futile and Petitioner's motion to amend [Docs. 27, 31] will likewise be **DENIED.**

## V. CERTIFICATE OF APPEALABILITY

The Court must now consider whether to issue a certificate of appealability ("COA") should Petitioner file a notice of appeal.  Under 28 U.S.C. § 2253(a) and (c), a petitioner may appeal a final order in a habeas proceeding only if he is issued a COA, and

---

[5] Although it remains unclear on what grounds Petitioner alleges that the State first evinced an intent to cease honoring the thirty percent release eligibility in October of 2013, the Court notes that any argument that the corrected judgments were concealed from him until this date is inconsistent with Petitioner's own admission that he knew of the judgments by at least 2011.

10

Case 3:17-cv-00178-TAV-HBG   Document 33   Filed 07/01/20   Page 10 of 11   PageID #: 2030

a COA may only be issued where a Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on a procedural basis without reaching the underlying claim, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, reasonable jurists would not disagree that Petitioner's petition is untimely. Accordingly, a **COA SHALL NOT ISSUE.**

**AN APPROPRIATE ORDER WILL ENTER.**

**ENTER:**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE